**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1387**

HICHAM ELKHARROUBI; LAMYA GHALA,

                Plaintiffs - Appellants,

      v.

SIX FLAGS AMERICA, LP; AZS INDUSTRIES, LLC; SPLASHTACULAR, INC.,

                Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Timothy J. Sullivan, Magistrate Judge.  (8:17-cv-02169-TJS)

Submitted:  August 31, 2021                Decided:  January 18, 2022

Before GREGORY, Chief Judge, HARRIS, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jonathan C. Capp, San Diego, California; Cynthia Rosenberg, ROURKE & ROSENBERG LLC, Baltimore, Maryland, for Appellants.  David A. Skomba, Tamara B. Goorevitz, Miranda D. Russell, FRANKLIN & PROKOPIK, PC, Baltimore, Maryland; James S. Liskow, DECARO, DORAN, SICILIANO, GALLAGHER AND DEBLASIS, LLP, Bowie, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hicham Elkharroubi and Lamya Ghala ("Plaintiffs") commenced this civil action against Six Flags America, LP ("Six Flags"), Splashtacular, Inc. ("Splashtacular"), and AZS Industries, LLC ("AZS"), (collectively, "Defendants") alleging that, under Maryland law, Six Flags was liable for negligence and loss of consortium, and Splashtacular and AZS were liable for negligence, products liability, and loss of consortium. Specifically, Plaintiffs claimed that Six Flags' negligent operation, maintenance, and inspection of the Bonzai Pipelines water slide ride ("Bonzai Pipelines"), and Splashtacular and AZS's defects in product design and warnings for Bonzai Pipelines, were reasonably foreseeable causes of Elkharroubi's injury and Ghala's subsequent loss of consortium. Defendants moved to exclude one of Plaintiffs' experts, Dr. Andres Calderón, and moved for summary judgment. Plaintiffs also moved for summary judgment and moved to exclude Defendants' expert testimony. The magistrate judge granted summary judgment in favor of Defendants and denied Plaintiffs' motion to exclude defense expert testimony.[1] On appeal, the Plaintiffs challenge the magistrate judge's grant of summary judgment to the Defendants and denial of their motion in limine to exclude the Defendants' expert testimony related to maintenance and inspection activities.[2] We affirm.

---

[1] The parties consented to a magistrate judge conducting proceedings in the case and ordering the entry of a final judgment. *See* 28 U.S.C. § 636(c). *Elkharroubi v. Six Flags Am., LP*, No. 8:17-cv-02169-TJS (D. Md., PACER No. 25).

[2] Plaintiffs do not challenge the magistrate judge's decision excluding their expert witness, Dr. Andres Calderón. "A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot

2

We review a district court's summary judgment decision de novo. *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 953, 955 (4th Cir. 2020). Viewing the facts and all justifiable inferences in the light most favorable to the nonmoving party, "[s]ummary judgment is appropriate only if the record shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Woollard v. Gallagher*, 712 F.3d 865, 873 (4th Cir. 2013) (quoting Fed. R. Civ. P. 56(a)). To withstand a motion for summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

Because federal jurisdiction over this case is based on diversity, we apply the choice of law rules of the forum state, Maryland. Regarding the negligence claims, Plaintiffs alleged that Defendants violated the Code of Maryland Regulations ("COMAR"), and that violating COMAR proved a prima facie case of negligence. The magistrate judge found that the evidence showed Defendants complied with the provisions of COMAR at issue, while Plaintiffs had submitted no evidence to the contrary, and therefore Plaintiffs failed to prove a prima facie case of negligence. The magistrate judge further determined that without the excluded expert testimony from Calderón, Plaintiffs failed to present any

---

at the issue." *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) (brackets and internal quotation marks omitted).

evidence to establish either a breach of duty by Defendants or that such a breach caused Plaintiffs' injuries.

Under Maryland common law, the elements of a negligence claim are "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Chicago Title Ins. Co. v. Allfirst Bank*, 905 A.2d 366, 378 (Md. 2006) (internal quotation marks omitted). Referred to as the "Statute or Ordinance Rule," "[a] duty may be established by statute when the plaintiff is a member of the class of persons the statute was designed to protect and the injury was of the type the statute was designed to prevent." *Gourdine v. Crews*, 955 A.2d 769, 789 (Md. 2008) (internal quotation marks omitted). Further, "[p]roximate cause is established by determining whether the plaintiff is within the class of persons sought to be protected, and the harm suffered is of a kind which the drafters intended the statute to prevent." *Polakoff v. Turner*, 869 A.2d 837, 843, 847 (Md. 2005) (internal quotation marks omitted). Thus, a plaintiff makes a prima facie case of negligence based on the breach of a statutory duty by demonstrating "(a) the violation of a statute or ordinance designed to protect a specific class of persons which includes the plaintiff, and (b) that the violation proximately caused the injury complained of." *Id.* at 840, 843, 847 (internal quotation marks omitted).

Viewing the facts in the light most favorable to Plaintiffs, we conclude that the magistrate judge did not err in determining that the Plaintiffs failed to establish a prima

4

facie case of negligence against Defendants.[3] Further, even if Plaintiffs had shown a prima facie case of negligence, we conclude, as the magistrate judge determined, that no reasonable jury could find that Defendants proximately caused the injury. Thus, we conclude that Plaintiffs fail to establish a genuine issue of material fact as to the negligence claims against Defendants.

Turning to the products liability claims, Plaintiffs argue that evidence of Bonzai Pipelines' defects, with or without expert testimony, proves that Defendants are liable for Elkharroubi's injury. Under negligent and strict products liability theories of recovery, a plaintiff must prove "three product litigation basics—defect, attribution of defect to seller, and a causal relationship between the defect and the injury," *Ford Motor Co. v. Gen. Accident Ins. Co.*, 779 A.2d 362, 369-70 (Md. 2001) (internal quotation marks omitted), and "the major distinction between an action in strict liability in tort and one founded on traditional negligence theory relates to the proof which must be presented by the plaintiff," *Harig v. Johns-Manville Products Corp.*, 394 A.2d 299, 307 (Md. 1978) (internal quotation marks omitted). The basic elements of negligence apply in negligence-based products liability cases. *See Gourdine*, 955 A.2d at 779. Plaintiffs must allege "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss

---

[3] Because the record shows that Defendants did not violate COMAR, we do not reach Plaintiffs' two arguments relying on Statute or Ordinance Rule violations: (1) that Defendants cannot rebut the presumption of negligence, and (2) that Maryland's public policy is frustrated by the alleged COMAR violations.

or injury proximately resulted from the defendant's breach of the duty." *Id.* (internal quotation marks omitted). "However, in an action founded on strict liability in tort, as opposed to a traditional negligence action, the plaintiff need not prove any specific act of negligence on the part of the seller." *Id.* at 780 (internal quotation marks omitted). To establish a products liability claim based on strict liability, Plaintiffs must prove that:

> (1) the product was in defective condition at the time that it left the possession or control of the seller, (2) that it was unreasonably dangerous to the user or consumer, (3) that the defect was a cause of the injuries, and (4) that the product was expected to and did reach the consumer without substantial change in its condition.

*Id.* (internal quotation marks omitted). "The relevant inquiry in a strict liability action focuses not on the conduct of the manufacturer but rather on the product itself." *Id.* (internal quotation marks omitted). A product may be defective in manufacture, design, or by failing to have adequate warnings or instructions. *Simpson v. Standard Container Co.*, 527 A.2d 1337, 1339-40 (Md. App. 1987).

The magistrate judge determined that without expert evidence, Plaintiffs could not establish that the breach of any duty by Defendants was the proximate cause of Plaintiffs' injuries. On appeal, Plaintiffs argue that Defendants are liable for the Bonzai Pipelines' defects causing the injury, with or without expert testimony, because (1) the design of the drop gate did not include proper padding in the event of the drop gate malfunctioning, (2) the operation and maintenance instructions were inadequate, and (3) the signage was inadequate. Defendants respond that Plaintiffs have failed to provide the required expert testimony proving causation, misrepresent testimony regarding the possibility of adding a layer of padding to the drop gate, provide no evidence of defective manual instructions,

6

and incorrectly assert that Elkharroubi's doctor provided expert testimony on the proper design of the drop gate when he testified that he has no such expertise.

Viewing the evidence in the light most favorable to Plaintiffs, we conclude that the magistrate judge did not err in determining that the Plaintiffs did not raise a "genuine dispute as to any material fact" regarding their products liability claims against Defendants. *Woollard*, 712 F.3d at 873 (internal quotation marks omitted). Therefore, the magistrate judge did not err in granting summary judgment to Defendants and denying relief on Plaintiffs' negligence, products liability, and loss of consortium claims.

Regarding the magistrate judge's denial of Plaintiffs' motion to exclude Defendants' expert testimony, "the admissibility of expert testimony in federal court sitting in the diversity jurisdiction is controlled by federal law." *Bryte ex rel. Bryte v. Am. Household, Inc.*, 429 F.3d 469, 476 (4th Cir. 2005) (internal quotation marks omitted). "We review a district court's decision on expert evidence for an abuse of discretion." *United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 318 (4th Cir. 2018). "Owing deference to the district court's determination under the abuse of discretion standard," *McKiver*, 980 F.3d at 952, "[we] will only overturn an evidentiary ruling that is arbitrary and irrational," *Gentry v. E. W. Partners Club Mgmt. Co., Inc.*, 816 F.3d 228, 239 (4th Cir. 2016) (internal quotation marks omitted).

Based on the record, Defendants' experts presented relevant testimony that rested on reliable foundations. *See Ancient Coin Collectors Guild*, 899 F.3d at 318. Deferring to the magistrate judge's determination, *McKiver*, 980 F.3d at 952, there is no indication that the decision to deny Plaintiffs' motion seeking to bar Defendants' experts was arbitrary or

irrational, *Gentry*, 816 F.3d at 239. Thus, we conclude that the magistrate judge did not abuse its discretion in denying Plaintiffs' motion in limine to exclude Defendants' expert testimony.

We have carefully reviewed the parties' briefs and the record and find no reversible error. Accordingly, we affirm for the reasons stated by the magistrate judge. *Elkharroubi v. Six Flags Am. LP*, No. 8:17-cv-02169-TJS (D. Md. Mar. 4, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*